# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| KWEKU FLEMING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:13-CV-00100-NKL ) |
| BANK OF AMERICA, MERSCORP HOLDINGS, INC., et al., | ) ) ) ) |
| Defendants. | ) |

**ORDER**

Defendants Bank of America and MERSCorp Holdings, Inc. ("MERSCorp") move to dismiss Plaintiff Kweku Fleming's Complaint for failure to state a claim. [Doc. # 23]. For the reasons set forth below, Defendants' motion to dismiss is GRANTED and this case is DISMISSED, with prejudice.

**I.    Background**

The Plaintiff's Complaint is filled with legal conclusions and disjointed, conclusory allegations. It frequently refers simply to "Defendant" or "Defendants" with no indication as to which specific defendant is implicated, and sometimes seems to confuse "Plaintiff" with "Defendant." Notwithstanding these deficiencies, the relevant factual allegations for the purpose of this motion appear to be as follows.

On July 25, 2009, Plaintiff executed a promissory note in favor of New American Funding in the amount of $173,141.00.[1] Although New American Funding was initially named as a defendant in this action, it has since been dismissed from this case for failure to prosecute. [Doc. # 22]. Plaintiff's note was purportedly transferred through a series of allonges to Broker Solutions, Inc., and then to Bank of America. Broker Solutions, Inc., is not a party to this suit. The Complaint generally alleges that the allonges were defective and that, as a result, Bank of America never acquired an interest in Plaintiff's note. Although Bank of America's role in this matter is far from clear, according to the Complaint, Bank of America is currently claiming to be "both Creditor/Investor and Servicer." [Doc. # 1 at 7].

Also on July 25, 2009, Plaintiff executed a deed of trust to secure the promissory note. The deed of trust named Fidelity National Title Co. as trustee and Mortgage Electronic Registration Systems, Inc. ("MERS"), as beneficiary, solely as nominee for New American Funding and its successors and assigns. Neither Fidelity National Title Co. nor MERS is named as a defendant, although MERS's parent corporation, MERSCorp, is. At some point, Plaintiff's trust was pooled with other mortgages to support mortgage backed securities.

Although the Complaint begins by alleging that "GMAC is . . . attempting by counsel, South & Associates to foreclose against Plaintiff's real estate," [Doc. # 1 at 4],

---

[1] The Complaint actually alleges that Plaintiff executed the promissory note on January 25, 2009. [Doc. # 1 at 5]. The promissory note attached to the Complaint, however, is dated July 25, 2009. [Doc. # 1 at 33]. As Plaintiff claims that this is the note he signed, the Court will assume the January date set forth in the Complaint was stated in error.

neither of these entities are a party to this suit. GMAC Bank is occasionally mentioned in the Complaint, but its role in any harm allegedly suffered by Plaintiff is unclear. The Complaint also states that "Defendants have no interest of any kind, nor authority to act on any owner's behalf in bringing the foreclosure," but it is not clear whether foreclosure is imminent or has occurred and, if so, which party is responsible for the foreclosure. Furthermore, Plaintiff's allegations and claims for relief are centered almost entirely on an alleged civil conspiracy designed to induce Plaintiff to execute a loan he could not repay and related violations of federally mandated disclosure requirements. Any basis for setting aside or preempting foreclosure appears to be confined to the success of Plaintiff's specific claims for relief, which include rescission of the loan.

In particular, Plaintiff asserts the following eight claims: (1) predatory lending and violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*; (2) servicer fraud; (3) violations of the Home Ownership and Equity Protection Act ("HOEPA")'s amendments to TILA, §§ 1639 *et seq.*; (4) violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*; (5) breach of fiduciary duty; (6) identity theft; (7) civil liability under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964; and (8) quiet title to real property.

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants move to dismiss Fleming's Complaint for failure to state a claim. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint does not have to present "detailed factual allegations," but it

"must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a motion to dismiss, the Court must accept as true the factual allegations contained in the complaint, and draw all reasonable inferences from those allegations in favor of the plaintiff. *See Gomez v. Wells Fargo Bank, N.A.*, 676 F.3d 655, 660 (8th Cir. 2012).

A. **Count I: Predatory Lending and Violations of TILA**

The theory of recovery asserted in Count I of Plaintiff's Complaint, titled "Predatory Lending and TILA Violations," is neither clearly articulated nor readily discernible based on the allegations set forth in this Count. In Count I, Plaintiff alleges that an unidentified party[2] never advised him that his mortgage "was not in his best interest," contained terms that were "less favorable than other available loans," and could not be repaid by Plaintiff. [Doc. # 1 at 17]. The remaining allegations pertain to the securitization of the mortgage and various materials that were not disclosed to Plaintiff prior to or at the closing. [Doc. # 1 at 17-20].

In response to Defendants' motion to dismiss, Plaintiff has not cited any authority that suggests Missouri law recognizes an independent cause of action for "predatory

---

[2] The first paragraph in Count I provides, "At no time whatsoever did Plaintiff ever advise Plaintiff that: . . . ." [Doc. # 1 at 17]. Assuming that this is an error, in that Plaintiff likely did not intend to predicate his claims on his failure to advise himself of certain facts, it remains unclear which of the named defendants is allegedly culpable for the acts described in Count I.

4

lending." Instead, Plaintiff only refers to predatory lending in connection with his claims for breach of fiduciary duty, [Doc. # 25 at 7], and violations of TILA, HOEPA, and RESPA, [Doc. # 25 at 9] ("Predatory Lending is defined and governed by TILA, HOEPA and RESPA."). Aside from these claims, Plaintiff has not presented any argument or authority that connects the allegations in Count I, or any of the prior, general allegations that Count I incorporated, to any independent cause of action against Defendants that would entitle Plaintiff to relief. Furthermore, Plaintiff's claims for breach of fiduciary duty and violations of HOEPA and RESPA are set forth in separate counts and must be dismissed for the reasons set forth below. Consequently, all that remains to be addressed with respect to Count I is Plaintiff's claim for violations of TILA.

Defendants argue that Plaintiff's claims under TILA are barred by the statute of limitations. A claim for damages under TILA must be brought within one year from the alleged violation of the statute. 15 U.S.C. § 1640(e); *see also Keiran v. Home Capital, Inc.*, 720 F.3d 721, 726 (8th Cir. 2013). TILA also creates a right of rescission that expires, at the latest, three years after the execution of the loan, "notwithstanding the fact that the information and forms required under [TILA] have not been delivered to the obligor." § 1635(f); *see also Rand Corp. v. Yer Song Moua*, 559 F.3d 842, 846 (8th Cir. 2009). In this case, Plaintiff's note was executed on July, 25 2009, and all of the alleged TILA violations occurred at or prior to the closing. [Doc. # 1 at 5, 18-20]. Consequently, Plaintiff's claims against Defendants under TILA are time barred.

Plaintiff concedes that the statute of limitations for these claims has expired, but argues that fraudulent concealment may equitably toll the limitations period. However,

5

Plaintiff fails to describe, both in his opposition brief and the Complaint itself, any particular misconduct on the part of either Bank of America or MERSCorp that would justify tolling the statute of limitations. Plaintiff's single, unsupported statement that "[s]ufficient particularity has been pled regarding fraudulent concealment," [Doc. # 25 at 7], is clearly insufficient and the Court's independent review of the Complaint has not revealed any allegations that support tolling the limitations period. *See Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011) ("[I]t is Summerhill's burden to plead, with particularity, facts to support his claim that the doctrine of fraudulent concealment tolls applicable statutes of limitations."); *Ripplinger v. Amoco Oil Co.*, 916 F.2d 441, 442 (8th Cir. 1990) ("[F]raudulent concealment, [] requires an act of affirmative misrepresentation over and above the acts creating the alleged cause of action."). Accordingly, Plaintiff's claims against Defendants under TILA are time barred. As this is the only cognizable theory of recovery that Count I asserts, Count I must be dismissed.

      **B.    Count II:  Servicer Fraud**

Defendants argue that Plaintiff's claim for "Servicer Fraud" in Count II must be dismissed because it does not satisfy the heightened pleading standards for allegations of fraud. Pursuant to Rule 9(b), "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Eighth Circuit has explained that Rule 9(b) must be interpreted:

> in harmony with the principles of notice pleading. . . . The special nature of fraud does not necessitate anything other than notice of the claim; it simply necessitates a higher degree of notice, enabling the defendant to respond specifically, at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct. Thus, a plaintiff must

> specifically allege the circumstances constituting fraud, . . . including such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.

*Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001) (quotations and citations omitted).

In this case, the general and conclusory allegations set forth in the Complaint fall far short of this standard. In Count II, Plaintiff generally alleges that "Defendants engaged in a pattern and practice of defrauding Plaintiff in that, during the entire life of the mortgage loan, Defendants failed to properly credit payments made; incorrectly calculated interest on the accounts; and have failed to accurately debit fees." [Doc. # 1 at 21]. As a result, Plaintiff claims to have overpaid on the loan. [Doc. # 1 at 21]. The Complaint makes no attempt to identify any specific instances of overpayment, when they occurred, how much was paid, which entity demanded the payment, or to which entity the payments were made. In fact, Plaintiff does not provide any factual allegations other than the bare assertion that he overpaid. Plaintiff's allegations thus fail to meet Rule 9(b)'s requirements, and so Count II must be dismissed. *See, e.g.*, *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006) ("To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result.").

    **C.**    **Count III: Violations of HOEPA**

HOEPA, which is an amendment to TILA, likewise "has a one-year statute of limitations for money damages and a three-year statute of limitations for rescission." *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 532 (7th Cir. 2011). Plaintiff concedes that his claims under HOEPA are time barred and, as discussed above, the Complaint is devoid of any allegations against Bank of America or MERSCorp that would support tolling the limitations period. Consequently, Count III must be dismissed.

### D.  Count IV: Violations of RESPA

The statute of limitations for a claim under RESPA is either one year or three years, depending on which provision was allegedly violated. 12 U.S.C. § 2614. Plaintiff's RESPA claim is predicated on payments made on or around the date of the closing, July 25, 2009. [Doc. # 1 at 25]. Accordingly, Plaintiff's claims are time barred and, for the reasons explained previously, there is no basis for tolling the limitations period. Consequently, Count IV must be dismissed.

### E.  Count V: Breach of Fiduciary Duty

Defendants argue that Plaintiff's claim for breach of fiduciary duty must be dismissed because Plaintiff has not alleged the existence of a duty that Defendants could have breached. Under Missouri law, "absent other evidence of a fiduciary relationship, there is no such relationship between a bank as lender and its customer as borrower." *UT Commc'ns Credit Corp. v. Resort Dev., Inc.*, 861 S.W.2d 699, 710 (Mo. Ct. App. 1993); *accord Frame v. Boatmen's Bank of Concord Vill.*, 824 S.W.2d 491, 494 (Mo. Ct. App. 1992) ("In Missouri, . . . there is no confidential or fiduciary relationship between a bank and a customer borrowing funds."); *see also Pace v. Wells Fargo Bank, N.A.*, No. 4:11-

CV-489 CAS, 2012 WL 3705088, at *15 (E.D. Mo. Aug. 27, 2012) ("Under Missouri law, however, the relationship between a lender and a borrower is one of contractual obligation, not of duty."); *White v. BAC Home Loans Servicing, L.P.*, No. 4:10-CV-2137 CAS, 2011 WL 1483919, at *11 (Apr. 19, 2011) (same). The existence of a fiduciary relationship is an essential element of a claim for breach of fiduciary duty. *Koger v. Hartford Life Ins. Co.*, 28 S.W.3d 405, 411 (Mo. Ct. App. 2000).

In response, Plaintiff argues that "Count V alleges that the originating lender was acting as a Broker with fiduciary duties." [Doc. # 25 at 9]. Plaintiff also claims that, under Missouri law, "Broker represents owner of the real estate; in this case Defendant." [Doc. # 25 at 9]. It is not at all clear which of the named defendants Plaintiff is referring to and the Complaint, which rarely distinguishes between defendants, provides little assistance on this point. Nonetheless, the Complaint does clearly state that Plaintiff executed his promissory note with New American Funding, making it the originating lender. [Doc. # 1 at 5]. Furthermore, nothing in the Complaint suggests that either Bank of America or MERSCorp could fairly be characterized as acting as broker in this transaction. Consequently, regardless of whether there is any merit to Plaintiff's claim regarding the fiduciary duty owed by a broker, Plaintiff has failed to allege any facts that suggest either the Bank or MERSCorp owed him a fiduciary duty. Accordingly, Plaintiff's claim for breach of fiduciary duty must be dismissed.

    **F.    Count VI: Identity Theft**

Defendants argue that Plaintiff's claim for identity theft must be dismissed because Missouri law does not recognize a civil cause of action for identity theft. Count VI of the Complaint states, in relevant part:

> Said negotiation of Plaintiff's note was in actuality the theft of his identity to hide the vast number of 'toxic waste' mortgages, notes and obligations that the enterprise defendants were selling up through their 'securitization' chain. . . . Thus the economics of mortgage origination changed, to wit: the worse the loan, the more money the Defendants made as long as thise [sic] were enough people, like Plaintiff, whose identity was used to hide the high volume (and high profit) of toxic waste loans.

[Doc. # 1 at 27]. In dismissing identical allegations, another court in this District characterized this claim for identity theft as "puzzling" and "mystifying." *Smith v. Bank of Am., N.A.*, 13-0333-CV-W-ODS, 2013 WL 4735632, at *5 (W.D. Mo. Sept. 3, 2013). In response to Defendants' motion in this case, Plaintiff has not cited any authority that suggests the allegations in Count VI state a claim that would entitle him to relief. Instead, Plaintiffs' opposition brief simply states that "[e]lements of identity theft are set out in Count 6." [Doc. # 25 at 10]. As Plaintiff has not presented any cognizable basis for recovery on this claim, Count VI must be dismissed. *Accord Smith*, 2013 WL 4735632, at *5.

### G. Count VII: Civil RICO

Defendants argue that Plaintiff's claim under the civil RICO statute must be dismissed because Plaintiff has not alleged that Defendants engaged in any racketeering activity. "RICO provides a private right of action for any person injured in his business or property by reason of a violation of its substantive prohibitions." *Dahlgren v. First Nat. Bank of Holdrege*, 533 F.3d 681, 689 (8th Cir. 2008) (quotation omitted). To

succeed on a civil RICO claim, the plaintiff must show that the defendant(s) "engaged in the conduct of an enterprise through a pattern of racketeering activity." *Id.* To qualify as racketeering activity, the underlying acts "must be related and must amount to or pose a threat of continued criminal activity." *Id.* (quotation omitted). Section 1961(1) delineates the criminal offenses that may constitute "racketeering activity. 18 U.S.C. § 1961(1). A pattern of racketeering activity "requires at least two acts of racketeering activity" within a certain period of time. § 1964(c).

Plaintiff seems to allege that the process by which his note was securitized constituted racketeering activity. Neither the Complaint nor Plaintiffs' opposition brief, however, makes any attempt to connect any alleged acts attributable to either Bank of America or MERSCorp with any of the offenses delineated in section 1961(1). Accordingly, Plaintiff has failed to allege even a single instance, let alone a pattern, of racketeering activity on the part of Defendants. Consequently, Count VII must be dismissed.

### H. Count VIII: Quiet Title

Defendants argue that Plaintiff's claim for quiet title must be dismissed because Plaintiff has not alleged facts that support the essential elements of such a claim. Under Missouri law, "[a] plaintiff in an action to quiet title has the burden to prove title superior to the other party, not superior to the whole world, and must prevail on the strength of its own title and not on any weakness in the title of the other party." *Ollison v. Vill. of Climax Springs*, 916 S.W.2d 198, 203 (Mo. 1996). Accordingly, Plaintiff cannot succeed

on this claim unless he first establishes his equitable title. *See Robson v. Diem*, 317 S.W.3d 706, 712-13 (Mo. Ct. App. 2010).

None of the allegations in the Complaint support a finding as to the superiority of Plaintiff's title with respect to any other party. In fact, it is not clear from the Complaint or Plaintiff's opposition brief whether Bank of America or MERSCorp has even asserted a claim to title. The Complaint alleges that "GMAC is . . . attempting by counsel, South & Associates to foreclose against Plaintiff's real estate," but neither of these entities is named in this action. [Doc. # 1 at 4]. By contrast, Plaintiff's opposition brief states,

> With the number of named and unnamed interests in both the promissory note and deed of trust, Plaintiffs are unsure who they owe money to. Each of these competing interests can claim ownership interest. Plaintiff appropriately filed an action to quiet title to remove the clouds from and settle the title and locate the actual creditor.

[Doc. # 25 at 11]. An action for quiet title is neither an appropriate nor an effective means of determining who Plaintiff is obliged to pay. *See Smith*, 2013 WL 4735632, at *6 ("Plaintiffs' quest for the party they should pay would not be resolved with a quiet title proceeding.").

More importantly, all of Plaintiff's allegations are based on defects in the securitization process that purportedly deprived some other, unspecified entity of superior title. But Plaintiff has not alleged that he is current on his loan obligations or otherwise presented any allegations in support of the superiority of his own title. Consequently, Plaintiff has failed to state a claim for quiet title. *See Ollison*, 916 S.W.2d at 203 ("A plaintiff in an action to quiet title . . . must prevail on the strength of its own title and not on any weakness in the title of the other party.").

## III. Conclusion

For the reasons set forth above, Defendants Bank of America and MERSCorp Holdings, Inc.'s motion to dismiss, [Doc. # 23], is GRANTED. As these are the only remaining named defendants in this action, this case is DISMISSED, with prejudice.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  October 21, 2013
Jefferson City, Missouri